U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    May 3 2024

CAROL L. MICHEL
CLERK
AJ                                    Walk-In

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| MANUEL TIJERINO, | ) CIVIL CASE |
| Plaintiff, | ) NO. 2:24-cv-00947-JCZ-DPC |
| | ) |
| VERSUS | ) DISTRICT JUDGE |
| | ) HON. JAY C. ZAINEY |
| GATR TRUCK CENTER AND | ) |
| NORTH MILL CREDIT TRUST | ) MAGISTRATE JUDGE, |
| | ) HON. DONNA PHILLIPS CURRAULT |

_____

## AMENDED COMPLAINT  FOR RESCISSION OF CONTRACTS AND REVOCATION OF ACCEPTANCE DUE TO FRAUD

**COMES NOW,** Manuel Tijerino ("Claimant," "Plaintiff" or "Tijerino"), presenting this

Complaint for Rescission of Contracts and Revocation of Acceptance of Vehicle against GATR Truck

Center ("Defendant" or "GATR"), North Mill Credit Trust ("Defendant" or "North Mill"), named

Defendants herein, detailing various instances of professional negligence, deliberate misrepresentation,

and fraud by omission, that substantially compromised petitioner's legal interests.

## I. PARTIES

**GATR TRUCK CENTER**, a company/corporation authorized to do and doing business in the

state of Iowa with a principal place of business address of 700 29th Avenue Southwest, Cedar Rapids, Iowa

52404.

**NORTH MILL CREDIT TRUST,** a lending company authorized to do and doing business in the

state of California with a principal place of business address of 9 Executive Circle, Suite 230, Irvine,

California 92614;

## II.     FACTUAL BACKGROUND

Claimant, Manuel Tijerino, owner of Check1Two, LLC, registered in the state of Iowa, listed

as personal "Guarantor" in the North Mill Finance Agreement was fraudulently induced into entering

TENDERED FOR FILING

MAY 0 3 2024

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

fiduciary contractual agreements to purchase a 2020 Mack Anthem from GATR, financed through North Mill Credit Trust, addresses the egregious transgressions perpetrated arising from the contractual engagements with the respective entities.

It has become evident that GART Truck Center's actions and omissions, nefariously violated Claimant's consumer rights. This violation includes deliberate misrepresentation, fraud by omission, and negligence, thereby precipitating substantial financial damages.

### III.   GENERAL ALLEGATION

The infringing parties, each in distinct manners, are culpable for intentional misrepresentation, fraud by omission, and negligence, resulting in pecuniary and emotional loss to the Claimant.

Specifically, GATR failed to disclose significant information pertinent to the mechanical state of the vehicle's engine at the time of sale thereby enticing the Claimant to purchase the vehicle. If the true condition of the vehicle had been revealed, Claimant would not have purchased the vehicle made the basis of this litigation.

First, GART evinced deliberate non-disclosure by effecting the sale of the vehicle with manifest defects, purposefully concealing material flaw, particularly a compromised engine which later became manifestly apparent upon scrutiny. Correspondingly,  "[T]here are two causation elements in a fraud cause of action. First, the plaintiff's actual and justifiable reliance on the defendant's misrepresentation must have caused him to take a detrimental course of action. Second, the detrimental action taken by the plaintiff must have caused his alleged damage."(Beckwith, supra, 205 Cal.App.4th at p. 1062. Notably, this came to light when documentation revealed the detection of a piston cooling oil sensor range failure on the date of the Claimants initial acquisition of the vehicle on, November 15, 2022. (See Exhibit A-1) This critical issue was intentionally withheld from the Claimant, notwithstanding its intrinsic connection to engine malfunction.

Recently, this information came to light for the Claimant after facing numerous challenges with the vehicle, prompting a review of the maintenance, repair and defect records of the vehicle. It's

worth noting that the Complainant lacks expertise in vehicle mechanics and had only been recently driving trucks for a short time before purchasing the faulty vehicle. Consequently, the Claimant relied on the dealer's (GATR/respondent) expertise, given the Respondent's mechanic shop and longstanding presence in the industry. This highlights the unequal knowledge between the parties, with GATR having more insight into the vehicle's issues, especially considering their mechanic shop. Moreover, "Where a party alleges fraud (or fraudulent inducement) based on an omission of information, rather than an affirmative misrepresentation, a special relationship (e.g., a fiduciary relationship) is required to state a claim. However, in the absence of a special relationship, a party may still properly allege fraud where there are special facts such that one party had superior knowledge of certain information, not readily available to the other party." See P.T. Bank Central Asia v. ABN AMRO Bank N.V., 301 A.D.2d 373 (1st Dept. 2003). Also, "A defendant's knowing concealment or non-disclosure of a material fact may only support an action for fraud where there is a duty to disclose. [S]uch duty arises when one party has information that the other party has a right to know because of a fiduciary or other relation of trust or confidence between them." TransPetrol, Ltd. v. Radulovic, 764 So.2d 878, 879-880 (Fla. 4th DCA 2000).

## IV.   **CLAIMS FOR RELIEF**

In accordance with, including but not limited to, UCC Section 2-608, the Claimant possesses the consumer right to rescind the contract for the sale and revoke acceptance of said vehicle, because of the dealer's fraudulent and negligent conduct and intentional omission of crucial facts pertaining to the vehicle's defective engine at the time of sale (See Exhibit A-2). Because of the defects, the vehicle is unsuitable for continued use.

North Mill Credit Trust formally notified of the fraudulent conduct attributable to the dealer, which has prompted the Plaintiff to rescind the initial contract pursuant to his consumer rights and UCC Section 2-608. In addition, North Mill Credit Trust denied the Claimant's consumer right to rescind the contract and the revocation of acceptance, which would have resulted in the return of the collateral to them as an act of restoration.

Moreover, the dealer's acts deprived a good faith consumer in this instance. Currently, the vehicle is still inoperable with an extended Manufacturer warranties offered through GART and a Truck Master Warranty offered through North Mills were not able to cover repair to the engine and Respondent North Mills has refused, to assist the Claimant in any way after becoming aware of the fraud associated with the contract and the revoking of acceptance of the collateral. The Federal Courts have found that, "We have said in the past that negligent misrepresentation constitutes fraud." *Hardin Cnty. Sav. Bank v Housing & Redevelopment Auth. of the City of Brainerd*, 821 N.W.2d 184, 191 (Minn. 2012).

This deliberate disregard on behalf of the dealer evident from their knowing and intentional ignoring fact that created a high probability of injury to the Claimants rights acted with indifference. Furthermore, the contracts were procured by Respondent through fraudulent misrepresentations and omissions.

The Claimant is a long-haul commercial truck driver and cannot provide for his family as a result of GATR's fraudulent actions. As a result, Claimant is in need of emergency relief due to this continued hardship.

Moreover, the Plaintiff has the right to, and is entitled to recovery through the rescission of all contracts and personal guarantees, in accordance with his consumer rights and, including but not limited to, UCC Section 2-608, due to the fraudulent concealment of the fact that the vehicle engine was faulty and defective at the time of purchase. The Complainant, as a result, hereby rescinds all contracts in accordance with, but not limited to, UCC Section 2-608. "Where the plaintiff was fraudulently induced to enter into a contract, the plaintiff may seek to rescind the contract as a remedy for the intentional misrepresentation." *U.S. Installment Realty Co. v. De Lancy Co.*, 188 N.W. 212 (Minn. 1922). "In obtaining rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction." (Loud v. Luse, 214 Cal. 10, 12 [3 P.2d 542]; Wolf v. Brakebill, 32 Cal. App. 300, 304 [162 P. 918].) [6]

Additionally, the Respondent had the opportunity to amicably resolve this matter through private arbitration, whereby the contract would have been rescinded, the acceptance of the collateral would be

revoked, the loan and any outstanding balances would be canceled, and all sums previously paid refunded. Alternatively, since arbitration proved unattainable, the Claimant has been compelled to assert its full legal rights in the honorable Court. In such an event, the Claimant is seeking and is entitled to redress for court costs, expenses, legal fees, punitive damages, in addition to the pecuniary losses.

Claimant stands ready to furnish evidence of all damages, out-of-pocket expenses, monetary losses, and missed employment opportunities. (See Exhibit B-1)

**WHEREFORE,** these premises considered, Claimant respectfully requests judgment against the Respondents jointly and severally in the amount of $250,000.00, rescission of any and all contracts pertaining to the vehicle made the subject of this litigation, plus an award of court costs, expenses, legal fees, punitive damages, pecuniary losses, all equitable and general relief, and such other relief that the Court may deem appropriate. The petitioner places trust in the court's wisdom to rectify the consequences of the Respondents' actions.

Respectfully Submitted

Manuel Tijerino, *Pro Se*
204 NE 25th Court
Grimes, IA 50111
Cell: 515-803-8907
EM: ManuelTijerino@Hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of May, 2024, I filed the foregoing with the Clerk of Court for the United States District Court for the Eastern District of Louisiana. I further certify that I will have this pleading served by the U.S. Marshall or by USPS-Certified Mail/Return Receipt Requested.

Manuel Tijerino, *Pro Se*