UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MANUEL TIJERINO                                CIVIL ACTION

VERSUS                                         NO. 24-947

GATR TRUCK CENTER ET AL.                       SECTION "A" (2)

**ORDER AND REASONS**

Before the Court is a **Motion to Dismiss (Rec. Doc. 9)** filed by Defendant GATR of Cedar Rapids, Inc. ("GATR").[1] The Motion, set for submission on October 2, 2024, is before the Court on the briefs without oral argument.[2] For the reasons set forth below, Defendant's Motion is **GRANTED**.

### I.   Background

On April 15, 2024, Manuel Tijerino, proceeding *pro se* and *in forma pauperis*, filed a complaint in his individual capacity against GATR of Cedar Rapids, Inc. and North Mill Credit Trust ("North Mill'), alleging that the defendants committed "various instances of professional negligence, deliberate misrepresentation, and fraud by omission."[3] For the purpose of subject-matter jurisdiction, Tijerino's amended complaint asserts that GATR is a citizen of Iowa and North Mill is a citizen of California, but makes no allegations regarding his own citizenship.[4] The complaint does not assert any claims arising under federal law.[5]

---

[1] Plaintiff's complaint improperly named GATR as "GATR Truck Center."

[2] GATR has previously moved the Court for an oral hearing on this matter. Rec. Doc. 16. The Court has reviewed the jurisdictional discovery and determined that oral argument is unnecessary. *See* Rec. Doc. 18.

[3] Rec. Doc. 1, at 1. Plaintiff's amended complaint contains the same allegation. Rec. Doc. 6, at 1.

[4] Rec. Doc. 6, at 1.

[5] The Court has construed the complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers.").

GATR subsequently moved to dismiss this lawsuit for lack of subject-matter jurisdiction or, in the alternative, for lack of personal jurisdiction.[6] In doing so, it argued that this Court lacks subject-matter jurisdiction because the parties are not completely diverse and because no federal law is implicated by the complaint.[7] GATR further claimed that it is not subject to personal jurisdiction in Louisiana.[8]

In opposition to GATR's motion, Tijerino contended that the parties are diverse because he is a citizen of Jefferson Parish, Louisiana.[9] Lacking from his response, however, was any evidence to support that claim. He further posited that his claims arise under federal law, citing for the first time two criminal statutes—neither of which provide for a private right of action.[10]

In the interest of justice, the Court granted the parties thirty days to conduct jurisdictional discovery to determine Tijerino's citizenship, but not before putting him on notice that the federal laws he cited could not support his claims.[11] After the close of the thirty day jurisdictional discovery period, the following evidence was presented to the Court: Tijerino's business registrations and correspondences, real estate records, court filings identifying domicile, bank statements with home address, driver's licenses, and interrogatory answers.[12] In addition, Tijerino argued that federal question jurisdiction alternatively exists on the basis that GATR violated the Federal Trade Commission Act ("FTCA").[13]

---

[6] Rec. Doc. 9-1, at 1.

[7] *Id.*

[8] *Id.*

[9] Rec. Doc. 11, at 2.

[10] *Id.* at 2 (citing 18 U.S.C. §§ 1001 (false statements) and 1341 (frauds and swindles)).

[11] Rec. Doc. 13, at 2 n.2, 3.

[12] *See* Rec. Doc. 19-1; Rec. Docs. 20-1, 20-2.

[13] Rec. Doc. 13, at 2 n.2; Rec. Doc. 20, at 2-3.

## II.     Law and Analysis

It is well-settled that where a party moves to dismiss for lack of subject-matter jurisdiction in conjunction with other Rule 12 motions, as is the case here,[14] courts should consider the attack on subject-matter jurisdiction first. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)). The party asserting jurisdiction has the burden of proving that jurisdiction exists. *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

A district court's basis to dismiss for "[l]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1995)). Thus, a district court can look outside of the complaint to determine facts relevant to subject-matter jurisdiction. *See Williams v. Wynee*, 533 F.3d 360, 365 n.2 (5th Cir. 2008); *Ramming*, 281 F.3d at 161.

Tijerino's complaint invokes neither federal question jurisdiction under 28 U.S.C. § 1331 nor diversity jurisdiction under Section 1332. Nonetheless, the Court will analyze the complaint (supplemented by the undisputed facts plus any resolved disputed facts) under both statutes.

### a.   *Federal question jurisdiction*

Federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  In determining whether a case "arises under federal law" courts look to whether the "plaintiff's well-pleaded complaint raises issues of federal

---

[14] *See* Rec. Doc. 9-1, at 1 (moving to dismiss for lack of subject-matter jurisdiction and personal jurisdiction); FED. R. CIV. P. 12(b)(1); FED. R. CIV. P. 12(b)(2).

3

law." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). "A federal question exists only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (cleaned up). Additionally, the "well-pleaded complaint" rule requires that, for a federal court to have "arising under" jurisdiction, the plaintiff's federal law claims must appear on the face of the complaint. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

As noted in the Court's August 6, 2024 Order (Rec. Doc. 13), Tijerino's argument that federal question jurisdiction exists pursuant to 18 U.S.C. §§ 1001 (false statements) and 1341 (frauds and swindles) fails because neither statute permits a private right of action.[15] Likewise, Tijerino's most recent argument—that federal question jurisdiction alternatively exists on the basis that Defendant violated the Federal Trade Commission Act ("FTCA")—fails for the same reason.[16]

All of these claims are procedurally improper—they did not appear on the face of Tijerino's amended complaint and he did not move the Court for leave to add these claims.[17] But even if they were well pleaded, they would still fail to support federal question jurisdiction because they do not

---

[15] Claims based on statutes without a private right of action are commonly dismissed as frivolous by courts in the Fifth Circuit. *See, e.g.*, *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 346 (5th Cir. 1977) (affirming dismissal of claims under Federal Mail Fraud and Lottery statutes because the statutes did not provide for a private right of action); *Krieg v. Steele*, 599 F. App'x 231, 232-33 (5th Cir. 2015) (affirming dismissal of PREA claim as frivolous because PREA does not establish a private cause of action for prison rape); *Randle v. PNC Fin. Serv. Grp.*, No. 23-263, 2024 WL 646363, at *7 (N. D. Tex. Feb. 12, 2024) (dismissing Privacy Act claims as frivolous because it does not provide for a private right of action); *Payne v. Allen*, No. 08-795, 2009 WL 1546362, at *1 n.1, *5 (W.D. La. June 1, 2009) (dismissing claims under 18 U.S.C. § 241 as frivolous because the statute does not provide for a private right of action).

[16] Rec. Doc. 13, at 2 n.2; Rec. Doc. 20, at 2-3.

[17] *See* FED. R. CIV. P. 15(a)(2).

permit a private right of action.[18] Therefore, federal question jurisdiction does not exist, and this case may only proceed if Tijerino meets his burden to establish diversity jurisdiction under 28 U.S.C. § 1332.

### b. *Diversity jurisdiction*

A district court may have subject-matter jurisdiction under diversity jurisdiction if the amount in controversy exceeds $75,000.00 and the action is between citizens of different states. 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of citizenship. *Whalen v. Carter*, 654 F.2d 1087, 1094 (5th Cir. 1992). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing 28 U.S.C. § 1332). "[P]laintiff must state all parties' citizenship such that the existence of complete diversity can be confirmed." *Whitmore v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000). If the plaintiff shares the same state citizenship as one of the defendants, then the district court cannot exercise diversity jurisdiction. *See Whalen*, 654 F.2d at 1094. If the plaintiff fails to adequately allege the basis for diversity jurisdiction, dismissal is mandatory. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

Whether an individual is a citizen of a certain state turns on whether the person is domiciled there. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr. Inc.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship."). Establishing a new domicile requires more than just a showing of the party's residency, the party must also show their intention to remain in that

---

[18] Rec. Doc. 14, at 2-3; Rec. Doc. 20, at 2-3. It is widely accepted that the FTCA provides no private right of action. *See Arruda v. Curves Int'l, Inc.*, 861 F. App'x 831, 835 (5th Cir. 2021) (citing *Fulton v. Hecht*, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978); *Morrison v. Back Yard Burgers, Inc.*, 91 F.3d 1184, 1187 (8th Cir. 1996*); R.T. Vanderbilt Co. v. Occupational Safety & Health Rev. Comm'n*, 708 F.2d 570, 574 n.5 (11th Cir. 1983); *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 1002 (D.C. Cir. 1973); *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280-81 (9th Cir. 1973)).

state. *Id.* at 798; *see also Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). When determining whether a party is a domiciliary of a certain state,

> The court should look to all evidence shedding light on the litigant's intention to establish domicile. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family. A litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts.

*Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996) (internal citations omitted).

"[A]ll challenges to subject-matter jurisdiction [are] premised upon diversity of citizenship against the state of facts that existed at the time of filing." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71 (2004) (quoting *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539, 6 L.Ed. 154 (1824)).

Tijerino primarily relies on the following evidence to establish his Louisiana citizenship at the time he filed this lawsuit: (1) an affidavit swearing he was residing with a friend in New Orleans, Louisiana; (2) interrogatory answers stating, among other things, that he is registered to vote and licensed to drive in Louisiana; and (3) screenshots of bank statements showing purchases at a Walmart store in New Orleans prior to the date the lawsuit was filed.[19]

In support of its argument against diversity jurisdiction, GATR makes the following assertions:

---

[19] Rec. Doc. 14-1; Rec. Doc. 20, at 3-4; Rec. Doc. 20-2, at 9-10; Rec. Doc. 20-1, at 1.

> The exhibits and deposition testimony clearly show that (as of April 15, 2024) Mr. Tijerino maintained his Iowa address on all of his official and business registrations and correspondences (e.g. Commercial driver's license, vehicle registrations, vehicle insurance, real property, bank accounts, utilities, etc.) Mr. Tijerino testified that his wife and five children currently live in Iowa, but [although] he is not divorced he lives in Louisiana and not Iowa. The deposition testimony and exhibits also show that Mr. Tijerino has maintained several lawsuits in the Eastern District of Louisiana, *pro se*, and that the cases which Mr. Tijerino filed on or before April 15, 2024 list his Grimes, Iowa address. The Civil Cover Sheets filed for these cases list "Polk County Iowa" as Mr. Tijerino's domicile. Indeed, Mr. Tijerino's malpractice lawsuit against his Louisiana attorney is jurisdictionally based on Mr. Tijerino's assertion that he is domiciled in Polk County, Iowa. Within the past few weeks Mr. Tijerino filed a Motion for Rehearing En Banc with the United States Fifth Circuit, again listing his address as Grimes, Iowa.

Rec. Doc. 19, at 2.

After reviewing the complaint and the undisputed facts of the case, and resolving any disputed facts, the Court is satisfied that there is no basis for subject-matter jurisdiction under diversity jurisdiction. *Ramming*, 281 F.3d at 161. Tijerino insists that "[he] lived and [he] remained in Louisiana, proving [his] Louisiana domicile," but the state of facts that existed at the time of filing this lawsuit refute that contention.[20] *Grupo Dataflux*, 541 U.S. at 570-71; *Coury*, 85 F.3d at 251.

For example, Tijerino listed his county of residence at the time of filing this lawsuit as Polk, Iowa; and in each subsequent filing, apart from his self-serving affidavit, his signature block lists the same address in Grimes, Iowa.[21] *See Coury*, 85 F.3d at 251 ("A litigant's statement of

---

[20] Rec. Doc. 20, at 4. Tijerino argues that, although his bank statements include his old Iowa address, the transactions at local grocery stores are the "more concrete evidence." *Id.* at 3. This evidence may indicate where Tijerino was residing at any given point in time but, viewed holistically, it is not indicative of an intent to remain in Louisiana at the time the lawsuit was filed.

[21] Rec. Doc. 1-2 (filed April 15, 2024); Rec. Doc. 6, at 5 (filed May 3, 2024); Rec. Doc. 11, at 3 (filed June 21, 2024); Rec. Doc. 14, at 3 (filed Aug. 27, 2024); Rec. Doc. 14-1 (stating a Louisiana address) (filed Aug. 27, 2024); Rec. Doc. 20, at 8 (filed Oct. 2, 2024).

intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts."). This Iowa address was also used in a letter Tijerino sent to the defendants just days before filing the lawsuit.[22] Likewise, Plaintiff's driver's license at the time of filing the lawsuit was issued by the State of Iowa, not Louisiana.[23] And just days after filing suit, Plaintiff listed the same Iowa address on a notarized quitclaim deed that he executed while in Iowa.[24]

The Court also notes that Tijerino's legal representations regarding his home address in Iowa are not limited to this case. As a self-proclaimed "civil rights enforcer [*pro se*] litigant," Plaintiff was actively litigating a separate matter in the Eastern District of Louisiana and appealing a third matter to the United States Court of Appeals for the Fifth Circuit at the time of filing the instant lawsuit.[25] In both cases, Tijerino held himself out as a citizen of Iowa. By way of illustration, just six days after filing this lawsuit, Plaintiff filed an affidavit in support of a motion in a case before a different court that he signed with his Iowa address and which was notarized in Iowa.[26] That same case, which was filed less than four months before the instant case, is "jurisdictionally based on Mr. Tijerino's assertion that he is domiciled in Polk County, Iowa," as evidenced by Tijerino's affirmative indication on the Civil Cover Sheet that he was a "Citizen of Another State" at the time of filing.[27]

---

[22] Rec. Doc. 19-1, at 19-20.

[23] *Id.* at 72. Tijerino did not become a licensed driver or registered voter until after the lawsuit was filed. *See id.* at 34 (establishing Tijerino's Louisiana license was issued two months after this lawsuit was filed).

[24] *Id.* at 31-32.

[25] *Id.* at 51, 75.

[26] *Id.* at 54.

[27] *Id.* at 2, 50.

It was Tijerino's burden to prove that complete diversity existed in this case at the time it was filed, and he has not done so. *Stafford*, 945 F.2d at 804. Because there are no claims implicating federal law, and Tijerino and GATR were citizens of the same state at the time of filing, the Court lacks subject-matter jurisdiction over the matter.

Accordingly;

**IT IS ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

New Orleans, Louisiana, this 23rd day of October, 2024

                                                JUDGE JAY C. ZAINEY
                                                UNITED STATES DISTRICT JUDGE