UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MANUEL TIJERINO                                    CIVIL ACTION

VERSUS                                             NO. 24-947

GATR TRUCK CENTER ET AL.                           SECTION "A" (2)

**ORDER AND REASONS**

Before the Court is a **Motion for Reconsideration (Rec. Doc. 22)** filed by *pro se* Plaintiff,

Manuel Tijerino. The motion, set for submission on November 13, 2024, is before the Court on the

briefs without oral argument. For the reasons set forth below, Plaintiff's motion is **DENIED**.

**I.    Background**

On April 15, 2024, Manuel Tijerino, proceeding *pro se* and *in forma pauperis*, filed a complaint

in his individual capacity against GATR of Cedar Rapids, Inc. and North Mill Credit Trust ("North

Mill"), alleging that the defendants committed "various instances of professional negligence, deliberate

misrepresentation, and fraud by omission."[1] GATR subsequently moved to dismiss this lawsuit for

lack of subject-matter jurisdiction or, in the alternative, for lack of personal jurisdiction.[2] In opposition

to GATR's motion, Tijerino contended that the parties are diverse because he is a citizen of Jefferson

Parish, Louisiana.[3] In the interest of justice, the Court granted the parties thirty days to conduct

jurisdictional discovery to determine Tijerino's citizenship.[4] After the close of the thirty day

jurisdictional discovery period, the Court determined that the case must be dismissed for lack of subject

matter jurisdiction.[5] Less than a week later, Plaintiff timely filed the instant Motion for

---

[1] Rec. Doc. 1, at 1. Plaintiff's amended complaint contains the same allegation. Rec. Doc. 6, at 1. Plaintiff's complaint improperly named GATR as "GATR Truck Center."

[2] Rec. Doc. 9-1, at 1.

[3] Rec. Doc. 11, at 2.

[4] Rec. Doc. 13.

[5] Rec. Doc. 21.

Reconsideration.[6] Plaintiff's motion principally argues that his case was dismissed before he had the opportunity to address errors in the transcript of his deposition.[7] *See* FED. R. CIV. P. 30(e).

## II.    Legal Standards

### a.    *Rule 59(e) motions to alter or amend a judgment*

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Rule 59(e). *S. Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563–64 (E.D. La. 2013).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Courts have noted that motions to reconsider or amend a final or partial judgment are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478–79; *SnoWizard*, 921 F. Supp. 2d at 565. Also, such motions should not be used to "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *See Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of four factors: (1) the motion is necessary to correct a manifest error of law, (2) the movant presents newly discovered or previously unavailable evidence, (3) the motion is necessary in order to prevent manifest injustice, or (4) the motion is justified by an intervening change in

---

[6] Rec. Doc. 22.

[7] *Id.* at 2.

controlling law. *SnoWizard*, 921 F. Supp. 2d at 565; *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

Importantly, courts have considerable discretion in deciding whether to grant a Rule 59(e) motion. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). And in exercising that discretion, courts "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id.*

### b.  *Rule 30(e) deposition review by the witness*

Changes made to a deponent's transcript by errata sheet are governed by Federal Rule of Civil Procedure 30(e). The rule provides, in relevant part, that "On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days . . . to review the transcript or recording." FED. R. CIV. P. 30(e). Courts have varied in their interpretation of Rule 30(e), resulting in two differing approaches applied by circuit courts and federal district courts. *See Pedero Sanders v. Weeks Marine, Inc.*, No. 23-7317, 2024 WL 4643873, at *1–2 (E.D. La. Oct. 31, 2024) (describing the competing views resulting from courts' divergent interpretation of the rule). The Fifth Circuit has not explicitly endorsed either approach, but has previously noted that it "do[es] not necessarily disagree" that a deponent "[is] entitled to submit an errata sheet and make substantive changes to her deposition under [Rule] 30(e)." *Gonzalez v. Fresenius Med. Care N. Am.*, 689 F.3d 470, 480 (5th Cir. 2012). "In the wake of *Gonzalez*, other district courts in the Fifth Circuit have adopted the broad majority interpretation of Rule 30(e), allowing substantive changes by errata sheet to a deposition transcript." *Pedero Sanders*, 2024 WL 4643873, at *2.[8]

---

[8] *See also Weeks v. Nationwide Mut. Ins. Co.*, No. 21-4138, 2023 WL 2021823, at *1 (S.D. Tex. Feb. 15, 2023) (collecting cases); *Becnel v. Lamorak Ins. Co.*, No. 19-14536, 2021 WL 5961311, at *4 (E.D. La. Dec. 16, 2021).

## III.    Discussion

In Plaintiff's motion he largely attempts to re-litigate matters related to diversity jurisdiction—namely, his domicile—that have simply been resolved to his dissatisfaction. *Voisin*, 2010 WL 3943522, at *2. And in his reply, he attempts to introduce legal theories and arguments that could have been offered or raised before entry of judgment.[9] *Templet*, 367 F.3d at 478–79. Neither of these actions are permissible in a motion for reconsideration. More importantly, however, his Rule 59(e) motion cannot prevail because he failed to clearly establish any of the above-listed factors that courts in this District routinely consider when ruling on a motion for reconsideration. *See SnoWizard*, 921 F. Supp. 2d at 565.

Regarding his claim that he was not provided with sufficient time to review his deposition transcript and audio recording, the Court is unpersuaded that additional testimony would change the outcome of the diversity jurisdiction analysis[10] for the following reasons. First, Plaintiff's deposition

---

[9] *See* Rec. Doc. 25. The Court notes, however, that, even if these theories and arguments were offered or raised before entry of judgment, they would not have succeeded. First, Plaintiff's statement of intent in his self-serving affidavit does not offset the objective facts that otherwise contradict the statement. *See Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996). The facts are outlined *infra* note 11. Second, the Erie doctrine is inapplicable when the source of a claim arises under federal law. *See Maternally Yours v. Your Maternity Shop*, 234 F.2d 538, 541 n.1 (2d Cir. 1956) ("[I]t is the source of the right sued upon, and not the ground on which federal jurisdiction over the case is founded, which determines the governing law . . . . Thus, the Erie doctrine applies, whatever the ground for federal jurisdiction, to any issue or claim which has its source in state law."). Plaintiff did not plead a cause of action arising under Louisiana law, but even if he did, this case would still be dismissed for lack of subject matter jurisdiction.

[10] Whether an individual is a citizen of a certain state turns on whether the person is domiciled there. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr. Inc.*, 485 F.3d 793, 797–98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship."). Establishing a new domicile requires more than just a showing of the party's residency, the party must also show intention to remain in that state. *Id.* at 798; *see also Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). When determining whether a party is a domiciliary of a certain state,

> The court should look to all evidence shedding light on the litigant's intention to establish domicile. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family. A litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts.

*Coury*, 85 F.3d at 251.

transcript is not before the Court. And second, the Court considered objective facts, not Plaintiff's testimony, to determine his domicile at the time of filing this lawsuit.[11] The Court acknowledges that a "litigant's statement of intent is relevant to the determination of domicile" but emphasizes that a statement of intent "is entitled to little weight if it conflicts with the objective facts." *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996) (internal citations omitted). The objective facts make clear here that, for the purpose of determining diversity jurisdiction, Plaintiff was a citizen of Iowa, not Louisiana, at the time he filed this lawsuit. As such, reconsideration is unnecessary to correct a manifest error of law or to prevent manifest injustice. *SnoWizard*, 921 F. Supp. 2d at 565.

Accordingly;

**IT IS ORDERED** that the **Motion for Reconsideration (Rec. Doc. 22)** is **DENIED.**

November 18, 2024

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

"[A]ll challenges to subject-matter jurisdiction [are] premised upon diversity of citizenship against ***the state of facts that existed at the time of filing***." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004) (quoting *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539, 6 L.Ed. 154 (1824)) (emphasis added).

[11] These facts include: addresses listed on court filings in this case and others; letters sent by Plaintiff prior to filing the lawsuit containing his Iowa address; Plaintiff's Iowa driver's license, which was active at the time he filed the lawsuit; a quitclaim deed executed by Plaintiff in Iowa just days after filing suit; and a civil coversheet in a separate lawsuit filed in this District just months before the instant case which included an affirmative indication that he was a citizen of Iowa at the time of filing. *See* Rec. Doc. 21, at 7–8.